ROBERT L. SMITH v. THE LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 1 November, 1961.)

**Insurance § 26—**

> Where the admissions in the pleadings and the stipulations of the parties make out a *prima facie* case of liability on a policy of life insurance, the fact that the proof of death introduced by plaintiff has the word "suicide" printed in ink under the heading "cause of death" does not entitle insurer to nonsuit or a peremptory instruction on the affirmative defense of suicide when plaintiff testifies that he signed the paper in a hurry at the instance of insurer's agent and that at that time the word "suicide" did not appear thereon.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.*, June, 1961, Term, CALDWELL Superior Court.

The plaintiff, beneficiary, brought this action to recover on an in-

surance policy issued by the defendant on the life of plaintiff's wife, Katherine P. Smith. The defendant answered, admitting the execution, delivery of the policy, payment of the premium, and the death of the insured. It denied liability, however, upon the ground the insured's death resulted from suicide.

"For the purpose of eliminating the issues not in controversy," the parties entered in the record the following: "It is stipulated and agreed that on or about the 10th day of February, 1958 the defendant issued its Policy No. L-10-K-1042497 issued on the life of Katherine P. Smith in the principal sum of $1,000.00; that Robert L. Smith, the plaintiff herein, was the primary beneficiary named in the said Policy; that Mrs. Smith died on or about the 30 day of August, 1959 at which time the premiums were paid."

The plaintiff offered the policy in evidence, testified that he had not been paid, and rested. The defendant likewise rested and moved for a directed verdict for the defendant. The motion was denied. Whereupon, the plaintiff asked that the case be reopened and he be permitted to offer further evidence. The court permitted this to be done over defendant's objection. The plaintiff offered "the Proof of Loss" and testified he signed this paper brought to him by defendant's agent; that when he signed it it was blank except for his wife's name, and that there was nothing 'printed' on it. The photostat of the paper sent up with the record on appeal has the word "Suicide" printed in ink under the heading "Cause of Death."

The policy contained the following: "If insured shall die as a result of suicide, while sane or insane, within 2 years of the policy date, the liability of the company under this policy shall be limited to the premiums paid."

At the close of the evidence the defendant moved for nonsuit and for a peremptory instruction to answer the first issue, Yes. The court denied the motions. The jury answered the issues as here indicated: "1. Did Mrs. Katherine P. Smith die as a result of suicide? Answer: No. 2. What amount is the plaintiff entitled to recover? Answer: $1,000.00." From the judgment on the verdict, the defendant appealed.

*Claude F. Seila, Ted G. West, for plaintiff, appellee.*
*Townsend & Todd, By: Folger Townsend, for defendant, appellant.*

HIGGINS, J. The policy, the admissions in the answer, and the stipulations of the parties made out a case of liability for the face value of the policy. The defendant sought to escape liability on the ground that death resulted from suicide. Nothing in the evidence sug-

gested suicide save the word inserted by pen in the "Proof of Loss" which, for some reason, the plaintiff introduced. However, he testified he signed the paper in a hurry at the instance of the defendant's agent and at the time he signed it the word suicide was not on it. The court submitted the suicide issue under proper instructions and the finding of the jury is conclusive.

No error.

PARKER, J., took no part in the consideration or decision of this case.